PERTHUR HOLDING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44498.   Promulgated July 14, 1931.

*Brison Howie, Esq.*, and *Frank S. Bright, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, and *F. A. Surine, Esq.*, for the respondent.

# 1130

**OPINION.**

McMahon: The parties are in agreement that the basis used by the respondent is correct if, as a matter of law, this petitioner is required to compute the gain or loss upon the sale in 1926 of the property in question by using the same basis as that which the transferor would have been required to use had he continued to own the property. The basis used by the respondent was computed by subtracting from $165,000, which was the March 1, 1913, value of the property, the amount of $25,666.67, which was the depreciation sustained upon the property from March 1, 1913, to the date the property was sold by the petitioner. Petitioner, however, contends that the respondent erred in using such basis in his determination. It is his contention that the basis to be used is $250,000, representing the par value of stock of petitioner which was issued by petitioner for the property in question.

Section 204 (a) (8) of the Revenue Act of 1926 provides:

(a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (b) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

Section 203 (b) (4) of the Revenue Act of 1926 provides as follows:

No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; * * *

The evidence shows that immediately after Kuttroff transferred the property to the petitioner, Kuttroff was in control of the petitioner, since he owned all of the then outstanding capital stock of petitioner. Clearly, then, that is such a transaction as is contemplated by section 203 (b) (4) of the Revenue Act of 1926, and it follows that, under section 204 (a) (8) of that act, the basis to be used in the determining of gain or loss to petitioner upon its disposition of the real property in question in 1926 is the same as the transferor's basis would have been had the property remained in his hands. *Burlington Gazette Co.*, 21 B. T. A. 156 (which deals with section 204 (a) (8) of the Revenue Acts of 1924 and 1926); *Federal Grain Corporation*, 18 B. T. A. 242; *Haas Building Co.*, 22 B. T. A. 528; *Newman Saunders & Co.* v. *United States*, 36 Fed. (2d) 1009; certiorari denied, 281 U. S. 760; and *Osburn California Corporation* v. *Welch*, 39 Fed. (2d) 41; certiorari denied, 282 U. S. 850, (which deals with section 204 (a) (8) of the Revenue Act of 1924). Sections 203 (b) (4) and 204 (a) (8) of the Revenue Act of 1926 are identical with the same numbered sections of the Revenue Act of 1924.

We hold that the respondent did not err as alleged and his determination is approved.

*Judgment will be entered for the respondent.*